IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 25-4674 |
| JAMES B. COMEY, JR., | |
| Defendant. | |

## COMBINED MOTION TO CONSOLIDATE APPEALS AND TO EXTEND THE TIME FOR FILING THE OPENING BRIEF

The United States moves to consolidate this appeal with *United States. v. James*, No. 25-4673, because they raise the exact same issue on the merits and almost the same remedial issues. We also seek a 14-day extension of time to file the opening brief.

The defendant opposes both requests.

## BACKGROUND

In May 2025, the judges of the U.S. District Court for the Eastern District of Virginia appointed Erik Seibert as interim U.S. Attorney for that district pursuant to 28 U.S.C. § 546(d). On September 19, 2025, Mr. Seibert vacated office. On September 22, 2025, the Attorney General ap-

pointed Lindsey Halligan as interim U.S. Attorney in his place under 28 U.S.C. § 546(a).

On September 25, 2025, a grand jury returned a two-count indictment charging defendant James B. Comey Jr., on one count of making a false statement to Congress, in violation of 18 U.S.C. § 1001(a)(2); and on one count of obstruction of an official proceeding, in violation of 18 U.S.C. § 1505. Dkt. 1. The indictment was signed by Ms. Halligan, who also presented before the grand jury. Dkt. 1 at 2. The case was assigned to Judge Michael S. Nachmanoff of the Eastern District of Virginia.

On October 20, 2025, the defendant moved to dismiss the indictment with prejudice on the ground that Ms. Halligan had been unlawful appointed as interim U.S. Attorney pursuant to 28 U.S.C. § 546. Dkt 60. The next day, Chief Judge Diaz transferred the defendant's motion to Senior Judge Cameron McGowan Currie of the District of South Carolina for disposition. Dkt. 62.

On October 24, 2025, Letitia James, who had also been indicted by a grand jury in an indictment signed by Ms. Halligan, moved to dismiss the indictment in her case with prejudice on the same grounds Mr. Comey's motion asserted: that Ms. Halligan had been unlawfully ap-

pointed as U.S. Attorney pursuant to 28 U.S.C. § 546. Dkt. 22, *United States v. James*, No. 2:25cr122 (EDVA). In accordance with Chief Judge Diaz's order, the district judge in that case transferred that motion to Judge Currie for her to "set a briefing schedule on the motion and address consolidation of this matter with the similar motion filed in *United States v. Comey*, 1:25-cr-272." Dk. 23 at 1, *United States v. James*, No. 2:25cr122 (EDVA).

Judge Currie ordered the Government to respond to Ms. James' motion on the same deadline as she had set for the Government to respond to the defendant's motion and for both motions to be argued before her at the same hearing on November 13, 2025. On November 3, 2025, the Government filed identical consolidated responses to the motions. Dkt. 138. On November 10, 2025, the defendant and Ms. James filed replies. Dkt. 174. On November 13, 2025, the parties argued the motions before Judge Currie at a single hearing. Dkt. 186.

On November 24, 2025, Judge Currie granted the defendant's motion to dismiss the indictment without prejudice. Dkt. 213. The court held that Ms. Halligan had been unlawfully appointed under 28 U.S.C. § 546 and the Appointments Clause of the U.S. Constitution and that the ap-

propriate remedy for that error was to dismiss the indictment without prejudice.

On December 19, 2025, the Government noticed an appeal. On December 22, 2025, this Court set a briefing schedule, making the Government's opening brief and appendix due on January 26, 2026.

## ARGUMENT

1. This appeal should be consolidated with *United States v. James*, No. 25-4673, for purpose of briefing, oral argument, and disposition. The issue on the merits in the cases is identical: whether the appointment of Lindsey Halligan was lawful under 28 U.S.C. § 546. The remedial issues are likewise nearly identical: whether the district court was correct to dismiss the indictments without prejudice. Not surprisingly, the motions in both the *James* case and this one were referred to the same out-of-district judge, who considered the motions together on the same schedule, at a single hearing, and disposed of them with substantially the same legal reasoning. The Court should therefore consolidate the appeals, and defendants should be required to file a single consolidated appellee brief. *See* 4th Cir. R. 28(a).

2. The Government's opening brief and appendix are currently due on January 26, 2026.  The Court should extend that deadline by 14 days, to and including February 9, 2026.

This Court docketed the appeal on December 22, 2025, right before the holidays. Undersigned counsel will also be out of the office the week of January 19 on a long-planned vacation.  That, combined with the press of other business in the Office of the Attorney General requiring undersigned counsel's attention, justifies a short extension of time for the opening brief.

On January 2, 2026, undersigned counsel contacted counsel for the defendant seeking consent for consolidation and for a 30-day extension of time for filing the opening brief and appendix. Counsel indicated that the defendant would oppose both requests. On January 5, 2026, undersigned counsel again reached out to opposing counsel and, in an effort to accommodate the defendant's desire for prompt resolution of this matter, stated his intention to seek a 14-day extension of time instead.  As of the filing of this motion, counsel has not indicated that the defendant consents to this request.

# CONCLUSION

The Court should consolidate this appeal with *United States v. Comey*, No. 25-4674, and extend the deadline for the opening brief and appendix by 14 days.

Respectfully submitted,

/s/ Henry C. Whitaker

Henry C. Whitaker
Counselor to the Attorney General
950 Pennsylvania Ave. NW Rm. 5134
Washington, D.C. 20530
Tel: (202) 445-8942
henry.whitaker@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Henry C. Whitaker

Henry C. Whitaker
Counselor to the Attorney General