# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Appellant, | No. 25-4674 |
| v. | D.C. No. 1:25-cr-00272-MSN |
| JAMES B. COMEY, JR. | Eastern District of Virginia |
| Appellee. | |

### RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR EXTENSION OF TIME AND TO CONSOLIDATE APPEALS, AND IN THE ALTERNATIVE, MOTION TO FILE A SEPARATE BRIEF AND FOR ADDITIONAL ORAL ARGUMENT TIME

Defendant-appellee James B. Comey, Jr. respectfully opposes the government's combined motion to extend the time for filing its opening brief and to consolidate this appeal with the appeal in *United States v. James*, No. 25-4673. Under this Court's Rules, briefing extensions "will be granted only when extraordinary circumstances exist." Loc. R. 31(c). The government fails to cite or apply that standard, and it cannot be satisfied here. The government has had ample time to prepare its arguments, and further delay would prejudice Mr. Comey and the interests of justice.

This Court should likewise reject the government's request for consolidation. While it would be sensible for the same panel to hear oral argument in this case and

*James* during the same session, consolidated briefing and divided oral argument time would disserve the interests of separate defendants who have been charged with separate alleged crimes. The legal question of whether Lindsey Halligan was properly appointed as U.S. Attorney is the same in both appeals, but each defendant should have the right to articulate the arguments as he or she sees fit. Moreover, the remedial arguments differ: Mr. Comey has an additional argument—based on the unique statute-of-limitations issue in his case—for why dismissal is the proper remedy. He would therefore be prejudiced by "fil[ing] a single consolidated appellee brief" and dividing oral argument time. Gov't Mot. 4. In the district court, Mr. Comey and Attorney General James filed separate motions to dismiss, separate reply briefs, and presented separate oral arguments before Judge Currie. The same course is warranted here.

To the extent the Court grants consolidation, Mr. Comey moves to file a separate brief. *See* Loc. R. 28(d). As just explained, he would be prejudiced by filing a single consolidated brief, so he should at minimum be permitted to file his own full-length brief in this Court. In addition, if the cases are consolidated for oral argument, Mr. Comey moves for additional oral argument time, *see* Loc. R. 34(d),

so that the two defendants can each adequately present their independent arguments to the Court.[1]

## BACKGROUND

This appeal arises from the Attorney General's defective appointment of Lindsey Halligan as interim U.S. Attorney, Ms. Halligan's efforts to secure a purported indictment of Mr. Comey days before the statute of limitations expired, and the remedial issues arising from those errors. To explain why the government's combined motion should be denied, Mr. Comey provides the context for this appeal.

1. The prosecution from which this appeal springs is based on testimony that Mr. Comey gave on September 30, 2020, during a hearing before the Senate Judiciary Committee. D. Ct. Doc. 1. Multiple investigations by the Department of Justice (DOJ) and Federal Bureau of Investigation (FBI) concluded that Mr. Comey had engaged in no criminal wrongdoing. D. Ct. Doc. 59 at 3-4. And in 2025, career prosecutors in the Eastern District of Virginia investigated a potential false-statements and obstruction case against Mr. Comey but concluded that no charges should be brought. *Id.* at 9. Interim U.S. Attorney Erik Siebert was forced to resign

---

[1] The government has indicated that, if consolidation is granted, it does not oppose an expansion of oral argument time for defendants, so long as the government receives an expansion of its oral argument time that is equivalent to the expansion that defendants collectively receive.

3

after expressing concerns to senior DOJ officials about the viability of pursuing an indictment of Mr. Comey.  D. Ct. Doc. 213 at 4-5.

Notwithstanding those events, on September 20, 2025, President Trump publicly posted a statement on social media directing the Attorney General to prosecute Mr. Comey—who has long been a prominent critic of the President—as well as Attorney General James.  *See* Donald J. Trump (@realDonaldTrump), Truth Social, (Sept. 20, 2025, at 18:44 ET), https://perma.cc/A7RW-2TEC.  The post also instructed the Attorney General to appoint Lindsey Halligan—a White House aide with no prosecutorial experience—as interim U.S. Attorney.  *See id.*  Less than 48 hours after President Trump's post, the Attorney General purported to swear Ms. Halligan in as interim U.S. Attorney.  D. Ct. Doc. 213 at 5.

On her fourth day in office, September 25, 2025, Ms. Halligan sought a grand jury indictment of Mr. Comey—just five days before the five-year statute of limitations on his purported offenses was set to expire.  *See* 18 U.S.C. § 3282(a).  "Ms. Halligan was the only prosecutor who participated in the Government's presentation to the grand jury."  D. Ct. Doc. 213 at 6.  In the district court, Magistrate Judge Fitzpatrick found that Ms. Halligan may have committed misconduct before the grand jury—by, among other things, "suggest[ing] to the grand jury that Mr. Comey does not have a Fifth Amendment right not to testify at trial."  D. Ct. Doc. 192 at 15.  Ultimately, a putative indictment was returned charging Mr. Comey with

4

making false statements to Congress, in alleged violation of 18 U.S.C. § 1001(a)(2), and with "corruptly endeavor[ing] to influence, obstruct and impede" a Senate Judiciary Committee investigation "by making false and misleading statements before that committee," in alleged violation of 18 U.S.C. § 1505. D. Ct. Doc. 1.

2. Mr. Comey moved to dismiss the indictment on the ground that it was secured by an unlawfully appointed U.S. Attorney. D. Ct. Doc. 60. He also moved to dismiss on the basis that the prosecution was unconstitutionally vindictive and selective, D. Ct. Doc. 59; the questions leading to his alleged false statements to Congress were fundamentally ambiguous and his answers were literally true, D. Ct. Doc. 105; the putative indictment was invalid under the Fifth Amendment and Federal Rule of Criminal Procedure 6, D. Ct. Doc. 212; and the government committed misconduct before the grand jury, *id.*

The district court granted Mr. Comey's motion to dismiss based on Ms. Halligan's unlawful appointment. D. Ct. Doc. 213.[2] The court held that the appointment violated 28 U.S.C. § 546, D. Ct. Doc. 213 at 10-17, which allows the Attorney General to appoint an interim U.S. Attorney for only a total of "120 days," after which "the district court for such district may appoint a United States Attorney to serve until the vacancy is filled," 28 U.S.C. § 546. Because that "120-day clock began running with Mr. Siebert's appointment on January 21, 2025" and "expired

---

[2] The court did not rule on any of Mr. Comey's other arguments for dismissal.

on May 21, 2025," the "Attorney General's attempt to install Ms. Halligan as Interim U.S. Attorney for the Eastern District of Virginia was invalid." D. Ct. Doc. 213 at 17. The court further held that Ms. Halligan's appointment violates the Appointments Clause of the U.S. Constitution. *Id.* at 18; *see* U.S. Const. art. II, § 2, cl. 2. And as a remedy, the court dismissed the indictment without prejudice. D. Ct. Doc. 213 at 19-28. In so doing, the court rejected the Attorney General's attempt to ratify Ms. Halligan's actions before the grand jury because, among other reasons, the statute of limitations expired before that attempt. *Id.* at 26-27.

3.  On November 24, 2025, the day the district court issued its order, the Attorney General announced that the government would seek "an immediate appeal." Rebecca Falconer, *Bondi Vows to Appeal Dismissal of Comey, James Cases*, Axios (Nov. 24, 2025), https://perma.cc/WWK6-WWNN. But the government instead waited 25 days to file its notice of appeal on December 19, 2025. D. Ct. Doc. 217. The government's opening brief is currently due on January 26, 2026—63 days after the district court's order, and 38 days after the government's notice of appeal. The government now seeks an additional 14 days to file its opening brief and to consolidate this case with *James*, No. 25-4673. Doc. 11-1.

**I.     The Court Should Deny The Government's Requested Extension**

This Court's Rules provide that briefing extensions "will be granted only when extraordinary circumstances exist." Loc. R. 31(c). The government never

6

acknowledges that high standard—let alone explains why it is met here. It is not. In fact, the relevant circumstances support adhering to the current schedule so that this appeal can be resolved as soon as practicable. That is necessary not only to serve Mr. Comey's interests, but also to serve the public interest in establishing whether the purported U.S. Attorney for the Eastern District of Virginia is validly—or invalidly—occupying that position.

Mr. Comey has a compelling interest in bringing this defective case to a close without any further delay. Just five days before the applicable statute of limitations was set to expire, he was prosecuted by a person who lacked any governmental authority. Since that day, Mr. Comey has had to endure the extreme pressures of a flawed criminal case, rather than the peace of an expired statute of limitations. Granting the government's extension request would allow it to further prolong this profoundly unjust prosecution.

The government has no equities that outweigh Mr. Comey's interests. The government waited nearly five years after the alleged false statements—which unfolded publicly and were previously investigated and deemed unworthy of prosecution—before presenting its case to the grand jury. The only person willing to present the case had no valid government authority; and she obtained the indictment through a flawed process. After the district court dismissed the indictment, the Attorney General announced that the government would

7

"immediate[ly]" appeal. *See supra* at 6. But instead of doing so, it waited 25 days to file a notice of appeal and will have had another 38 days from then to prepare its brief without an extension. The government has had more than enough time to try to justify the appointment of Ms. Halligan. Indeed, the government should have developed its legal justification *before* the appointment was made—rather than attempting to manufacture one only after it rushed to heed the President's orders and indict Mr. Comey in the waning days of the limitations period.

The government bases its extension request on "a long-planned vacation" and "the press of other business in the Office of the Attorney General." Gov't Mot. 5. But neither of those circumstances is "extraordinary," Loc. R. 31(c)—and both could have been accommodated during the lengthy 63-day period between the district court's decision and the current due date. Nor does the government explain why other DOJ attorneys could not assist with preparing the opening brief. The government already briefed this case in the district court with participation of counsel at the highest reaches of DOJ, thus making its current request for delay all the more unjustified.

Finally, the public interest weighs against an extension. Even after the district court held Ms. Halligan's appointment unlawful, Ms. Halligan has continued to ostensibly serve as interim U.S. Attorney and sign her name to indictments and other court documents. *See* Katelyn Polantz & Devan Cole, *Judges Lash Out at Justice*

8

*Department for Still Listing Lindsey Halligan on Court Documents*, CNN (Dec. 5, 2025), https://perma.cc/W5QY-PJXF. District judges have routinely struck her name from such documents. *See id.* One district judge has directed Ms. Halligan to file a pleading explaining, *inter alia*, "why her identification [as U.S. Attorney] does not constitute a false or misleading statement." Order at 2, *United States v. Jefferson*, No. 25-cr-160 (E.D. Va. Jan. 6, 2026), Doc. 16. This Court should efficiently resolve the government's appeal to provide criminal defendants, government attorneys, and the public as a whole certainty about the status of Ms. Halligan's purported service as interim U.S. Attorney.

**II.     The Court Should Also Deny The Requested Consolidation Of This Case With *United States v. James***

This case should not be consolidated with *United States v. James*. Mr. Comey and Attorney General James are not co-defendants: The two cases involve separate prosecutions of unrelated individuals for different offenses. To be sure, the two pending appeals involve overlapping legal issues—namely, whether Ms. Halligan's appointment violates Section 546 and the Appointments Clause; and whether the indictments should be dismissed because of those violations. As a result, Mr. Comey agrees that the Court should assign both cases to the same panel and hold oral argument in both cases during the same session. But Mr. Comey and Attorney General James should have the right of any accused individual to frame their arguments on the appointment question in the manner they see fit—as they did in

9

the district court. And critically, Mr. Comey has an additional legal argument—related to the unique statute-of-limitations problem in his case—for why dismissal is the proper remedy. Mr. Comey therefore would be prejudiced by the government's request that he and Attorney General James "be required to file a single consolidated appellee brief." Gov't Mot. 4.

The district court correctly rejected the government's contention that dismissal of the indictments "is inappropriate because the Attorney General has since ratified Ms. Halligan's actions before the grand jury and her signature on the indictment." D. Ct. Doc. 213 at 25. In both cases, the court deemed the "implications" of the government's argument "extraordinary" because "[i]t would mean the Government could send any private citizen off the street—attorney or not—into the grand jury room to secure an indictment so long as the Attorney General gives her approval after the fact." *Id.* at 25-26. And the court recognized "[t]hat cannot be the law." *Id.* at 26.

But in Mr. Comey's case, the district court also adopted an additional independent basis—grounded in the statute of limitations—for rejecting the government's ratification argument. Specifically, the court explained that "[t]he Government also fails to meet the second requirement for a valid ratification, i.e., that the principal must have been able 'to do the act ratified . . . *at the time the ratification was made*." D. Ct. Doc. 213 at 26 (quoting *FEC v. NRA Pol. Victory*

10

*Fund*, 513 U.S. 88, 98 (1994)).  That is because "the Attorney General's attempt to ratify Mr. Comey's indictment on October 31 'came too late in the day to be effective,' as the statute of limitations for the charged offenses expired 31 days earlier on September 30." *Id.*  And the court further rejected the government's counterargument based on the so-called "'grace period' set forth in 18 U.S.C. § 3288." *Id.*

Mr. Comey's statute-of-limitations argument supplies an independent ground for rejecting one of the government's core remedial arguments: ratification by the Attorney General.  Yet the argument is available only in Mr. Comey's case—and thus the district court relied upon it only in *Comey*, not in *James*.  Developing this argument—and responding to the government's counterargument based on Section 3288—will require a substantial number of pages in Mr. Comey's brief, as well as time at oral argument.  Because this Court's rules generally permit only "[o]ne brief . . . per side" in consolidated cases and require the consolidated parties to "share the time allowed for oral argument," Loc. R. 28(a), (d), both Mr. Comey and Attorney General James would be prejudiced by consolidation.  Whereas Mr. Comey would seek to devote space and time to an argument that is irrelevant to Attorney General James, Attorney General James would naturally seek to focus on other arguments.  Particularly in a criminal case, defendants should not be required to compromise in that manner.  Instead, they should each be permitted to make the most forceful

11

version of *their own* arguments. Contrary to the government's suggestion (at 4), that is precisely what happened in the district court: Mr. Comey and Attorney General James each filed their own motion to dismiss, their own reply brief, and presented their own oral argument before Judge Currie.

The government offers no countervailing argument in favor of consolidation. The government is free to request that it be permitted to file a single brief on appeal in both cases if it wishes to do so. But that provides no reason to require the defendants to file a single brief for two separate individuals represented by separate counsel. Accordingly, the Court should reject the government's request for consolidation.

To the extent the Court consolidates the two cases, Mr. Comey moves for leave to file a separate brief of the customary 13,000 words. *See* Loc. R. 28(d). Good cause exists for the reasons already given: Mr. Comey wishes to devote a substantial number of pages to an argument that is unique to his case, and he would therefore be prejudiced by filing a single brief with Attorney General James. In addition, if the two cases are consolidated for oral argument, Mr. Comey moves for additional argument time, *see* Loc. R. 34(d), so that the two defendants can each adequately present their independent arguments to the Court. As noted above, the government does not oppose that request for additional argument time, so long as

12

the government receives an equivalent expansion of argument time.  *See supra* at 3 n.1.

## CONCLUSION

The government's combined motion for extension of time and consolidation should be denied.  If the motion to consolidate is granted, Mr. Comey should be granted leave to file a separate brief and additional oral argument time.

Dated:  January 8, 2026

Jessica N. Carmichael
Carmichael Ellis & Brock, PLLC
108 N. Alfred Street, First Floor
Alexandria, VA 22314
Telephone: (703) 684-7908

Patrick J. Fitzgerald
P.O. Box 277
New Buffalo, MI 49177
Telephone: (312) 758-4454

Michael R. Dreeben
600 New Jersey Ave. NW
Washington, DC 20001
Telephone: (202) 695-2562

Respectfully submitted,

*/s/ Ephraim A. McDowell*
Ephraim A. McDowell
Elias S. Kim
Cooley LLP
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
emcdowell@cooley.com

Rebekah Donaleski
Cooley LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000

Connie L. Wang
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000

*Counsel for Defendant-Appellee James B. Comey, Jr.*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27(d) and 32(g), the undersigned counsel for appellee certifies that:

1. This response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,823 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

2. This response complies with the typeface requirements of Federal Rules of Appellate Procedure 32(a)(5) and (6) because it has been prepared in Microsoft Office Word and is set in Times New Roman 14-point font.


Dated: January 8, 2026                     */s/ Ephraim A. McDowell*
                                           Ephraim A. McDowell

                                           *Counsel for Defendant-Appellee*
                                           *James B. Comey, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2026, I electronically filed the foregoing response with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the appellate CM/ECF system.

Dated: January 8, 2026              */s/ Ephraim A. McDowell*
                                              Ephraim A. McDowell

                                              *Counsel for Defendant-Appellee*
                                              *James B. Comey, Jr.*